UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:     EDUARDO SALCIDO.,

               Debtor.                      13-18-11373 TL

**CHAPTER 13 PLAN**

**1.1 Important Notices About This Plan.**

  **a.**   **Nonstandard Provisions.**   (Debtor MUST check one).

This plan has nonstandard provisions in Part 9.

    \_\_\_\_\_Yes   _X_   No.

If "No" is checked, neither box is checked, or both boxes are checked, no non-standard provision will be effective.

  **b.**   **Bifurcation of Claim; Lien Avoidance; Lien Stripping**.   (Debtor MUST check one).

This plan seeks to limit the amount of a secured claim based on a valuation of collateral; strip a wholly unsecured mortgage; and/or avoid a nonpossessory, nonpurchase money security interest or judicial lien.
  _X_ Yes   \_\_\_\_\_No.

If yes, the treatment (see Part 3) may result in a partial payment or no payment at all to the secured creditor. If "No" is checked, neither box is checked, or both boxes are checked, no provision to limit a secured claim, strip a mortgage, or avoid a lien will be effective.

  **c.**   **Proof of Claim Requirement**. Creditors must file a timely proof of claim to receive any distribution under this plan. Creditors should have received a separate notice that includes the deadline to file a proof of claim.

**1.2 Definitions.**
"Debtor" means either a single debtor or joint debtor as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure. "Interest rate" is per annum. "Petition" means the date of the order for relief under Chapter 13.

**1.3 Debtor's Income.** (Check one).
Debtor's current monthly income is

    _X_   Less than the applicable median income specified in §1325(b)(4)(A).

    \_\_\_   Equal to or greater than the applicable median income specified in §1325(b)(4)(A).

**1.4 Debtor's Eligibility for Discharge.** (Check if applicable).

    _X_ Yes   ___ No:   Debtor is not eligible for a discharge.
    ___ Yes   ___ No:   Joint debtor (the second named debtor) is not eligible for a discharge.

**2.1 Debtor's Plan Payments.**

Debtor will pay Trustee $142.00 a month for 58 months beginning June 30, 2018, and (if applicable) $ _____ per month for ____ months. (*insert additional lines as needed*).

If the payments in Part 2 are not enough to satisfy Part 5, Debtor will pay the additional amount necessary to satisfy Part 5.

**2.2 Additional Payments.**

Debtor will make additional payments to Trustee from the following sources (e.g. sale proceeds; increased amount after repayment of retirement loans; or state "None"):

| Source of payment | Estimated amount | Estimated payment date | Included in 2.1? (Yes) |
|---|---|---|---|
|  |  |  |  |

**2.3 Method of Payment:** (Check one).

- Debtor will make payments pursuant to a wage withholding order.
- Debtor will make payments directly to Trustee by money order/certified funds, TFS billpay, or TFS Moneygram. Payments made by money order/certified funds will be payable to Trustee and mailed to Chapter 13 Trustee, P.O. Box 454, Memphis, TN 38101-0454. Each payment must include Debtor's name and case number on its face.

**2.4 Income Tax Returns and Refunds.**

Debtor will file federal and state income tax returns during the plan term by the April tax filing deadline each year, or within the extended time if Debtor has obtained an extension. Debtor will provide a copy of any extension to Trustee within 14 days after submission. Debtor will pay directly any post-petition taxes or estimated taxes when due. Debtor will provide Trustee with a complete copy of all federal and state income tax returns, together with all schedules and attachments, within 14 days of the filing of the returns. "Tax refund" means the total amount of the net state and federal tax refund for each tax year, less documented costs to prepare the return.

*Check one:*

    _X_ Yes   ____ No:   Debtor will retain any income tax refunds received during the plan term.
    ____ Yes   _X_ No:   Debtor will turn over to Trustee all income tax refunds for tax years _____

through _____ within seven days of receipt, unless the Court orders otherwise. Debtor will not

change exemptions, decrease withholding, or otherwise reduce refunds without prior Court approval.

Debtor will treat income tax refunds as follows: N/A.

**2.5 Funds Recovered by Trustee.** Any funds Trustee recovers from avoidance of transfers under §§ 546, 547, 548, and 549 will be contributed to this plan as additional payments, unless the Court orders otherwise.

**3.1 Treatment of Claims.** The treatment of each secured claim listed on Official Form 106D ("Schedule D") is specified below. Unless the Court orders otherwise, the claim amount stated in a timely filed proof of claim or amended proof of claim controls over any contrary amount listed below.

| Creditor | Estimated claim amount | Collateral | Collateral value | Treatment (See codes below) | Interest rate | Estimated arrearage | Adequate protection (Yes/No) | Equal monthly payments (PIF, BIF AV only) (Yes/No) |
|---|---|---|---|---|---|---|---|---|
| One Main Financial | $12,000.00 | 2003 Chevy Avalanche And | $1916.00 | BIF | 5% | $940.00 | No | No |
|  |  | 2000 Ford Taurus | $177.00 | BIF | 5% | $940.00 | No | No |
| Freedom Road | $4400.00 | 2016 Arctic ATV | $2565.00 | BIF | 5% | $280.00 | No | No |
|  |  |  |  |  |  |  |  |  |

  a. ***Direct* ("DIR")**. Debtor will make direct payments under the terms of the original agreement between Debtor and the creditor on amounts due from the petition date forward. Trustee will pay the allowed pre-petition arrearage in full pursuant to §1322(b)(5), with interest as set forth above.

  b. ***Direct by other than Debtor* ("DOD")**. Debtor incurred the debt for the benefit of another, who is making and will continue to make payments. Debtor will not make payments on or related to this debt post-petition. If the obligation is in default, Debtor will not oppose relief from the stay with respect to the collateral. The debt will not be discharged.

  c. ***Pay in full* ("PIF") (including "910 car" claims)**. Trustee will pay in full the allowed secured claim at the interest rate set forth above. If proposed above, creditor will also receive pre-confirmation adequate protection payments as provided in 3.4.

  d. ***Bifurcate under §506* ("BIF")**. Unless the creditor, Debtor and Trustee stipulate to value or the Court orders otherwise, creditor's collateral will be valued at the amount set forth above. The total claim amount listed on the proof of claim controls over any contrary amount listed above, unless the Court orders otherwise. Trustee will pay the allowed secured claim in the amount of the value of the collateral with interest at the rate set forth above. The balance of creditor's allowed claim will be treated as an allowed nonpriority unsecured claim. If proposed above, the creditor will also receive adequate protection payments as provided in 3.4. If creditor does not file a timely objection, the proposed collateral value will be binding on the creditor upon confirmation of the plan. If creditor timely objects, the confirmation hearing will include a valuation hearing under §506 and Rule 3012. *This sub-paragraph will be effective only if "Yes" is checked in 1.1.b.* **Valuation requires service in accordance with Rule 7004.**

e. ***Strip wholly unsecured mortgage ("STR")***. Debtor seeks to value real property and avoid a mortgage wholly unsecured by the value of that property. Unless creditor, Debtor, and Trustee stipulate to value, or the Court orders otherwise, the property identified below will be valued at the amount set forth below. If creditor does not file a timely objection, the value will be binding on creditor upon confirmation of the plan, and the mortgage will be avoided in its entirety upon discharge. If creditor timely objects, the confirmation hearing will include a valuation hearing under § 506 and Rule 3012. *This sub-paragraph will be effective only if "Yes" is checked in 1.1.b.* **Valuation and lien stripping require service in accordance with Rule 7004.**

| Creditor | Est. Mortgage amount | Property address | Property value | Basis for valuation | Est. total amount of senior mortgages |
|---|---|---|---|---|---|
| N/A | | | | | |

f. ***Avoid under §522(f) ("AV")***. Debtor contends that the judicial lien or nonpossessory, nonpurchase money security interest identified below ("Lien or Interest") impairs an exemption to which the Debtor would have been entitled under § 522(b). Debtor seeks to avoid the Lien or Interest pursuant to § 522(f), to the extent of the impairment. Trustee will pay in full the amount, if any, of the Lien or Interest that is not avoided as an allowed secured claim, with interest as set forth above. The amount of the Lien or Interest that is avoided will be treated as an allowed nonpriority unsecured claim. If the creditor does not file a timely objection, then the Lien or Interest will be avoided as set forth below upon entry of the order confirming this plan. If creditor timely objects, the confirmation hearing will include a lien avoidance hearing under § 522(f). *This sub-paragraph will be effective only if "Yes" is checked 1.1.b.* **Lien avoidance requires service in accordance with Rule 7004.**

| Creditor | Description of Lien or Interest | Amount of Lien or Interest | Property | Value of property | Value of claimed exemption | Total amount all other liens or interest | Amount of Lien or Interest to be avoided |
|---|---|---|---|---|---|---|---|
| N/A | | | | | | | |

g. ***Surrender ("SUR")***. Debtor will surrender Debtor's interest in the collateral. Upon confirmation, the automatic stay will be terminated as to the collateral and the creditor need not file a motion for relief from stay to repossess, foreclose upon, or sell the collateral. The co-debtor stay is not modified. Surrender shall not adversely affect Debtor's or co-debtor's non-bankruptcy rights.

h. ***Other ("OTH")***. Treatment of the claim is set forth in Part 9.

**3.2 Debt Secured by Principal Residence.** If Debtor is surrendering the principal residence, 3.1.g. applies. Otherwise, a creditor may mail Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay. Debtor will make post-petition payments directly to the creditor. Trustee will pay allowed prepetition arrearages, together with interest at the rate in 3.1, or as otherwise ordered by the Court.

**3.3 Lien Retention.** Secured creditors will retain their liens until full payment of their secured debts (determined under non-bankruptcy law) or upon discharge, whichever occurs first, at which time the liens will be extinguished; EXCEPT (i) creditors whose treatment is DIR or DOD will retain their liens in accordance with applicable non-bankruptcy law, and (ii) liens of a governmental unit will continue to attach to property excluded from the bankruptcy estate under § 541 until the liens are released in accordance with non-bankruptcy law.

**3.4 Adequate Protection Payments.** Trustee is authorized to make pre-confirmation adequate protection payments to creditors secured by a purchase money security interest in personal property, without a Court order. To receive the payments, Debtor or creditor must file a notice in the bankruptcy case certifying that: 1) this plan provides for adequate protection payments to the creditor; 2) the debt and collateral are listed on Schedule D; and 3) the creditor has timely filed a secured proof of claim that includes all required documentation. Unless the Court orders otherwise, the payments will be 1% of the claim of creditors whose claims will be paid in full (PIF), or 1% of the value of the collateral as stated above for those creditors whose claims will be bifurcated (BIF). Trustee will not be required to make adequate protection payments to any creditor whose allowed secured claim is less than $2,000. Trustee will calculate the amount of the adequate protection and equal monthly payment disbursements to creditors using reasonable discretion. Once all conditions have been satisfied, Trustee will make monthly adequate protection payments until confirmation. Thereafter, Trustee will use reasonable discretion to amortize the remaining balance of the allowed claim to be paid over the remaining term of the plan. If the plan payments are insufficient to pay adequate protection, Trustee will make the payments pro rata. Trustee will apply adequate protection payments to the principal amount of the creditor's allowed secured claim.

**4.1 Full Payment of Trustee's Fees, Administrative Expenses, and Priority Unsecured Claims.**

Trustee will pay in full, whether or not listed in this plan, all Trustee's fees, allowed administrative expenses, and allowed priority unsecured claims (unless §1322(a)(4) applies).

**4.2 Trustee's Fees.**

Trustee's fees will be paid in accordance with applicable statutes and are estimated to be 10% of plan payments.

**4.3 Administrative Expenses and Attorney's Fees.**

Trustee will pay administrative expenses for post-petition taxes per § 1305 upon the filing of the claim and will pay other administrative expenses after Court approval. Debtor will increase plan payments by an amount equal to any administrative expense claim allowed under §1305, plus Trustee's fees on such claim.

Prepetition, Debtor's attorney was paid $972.00. Attorney estimates that additional, unpaid fees, costs, and taxes through confirmation will be about $2200.00. Within 14 days after plan confirmation, Attorney will file an application to approve all fees, costs, and taxes charged through confirmation. Upon the Court's approval, the Trustee will pay the balance. If the Court-approved fees are less than the amounts already paid, Attorney will remit the difference to Trustee within 30 days. Trustee will pay post-confirmation fees, costs, and taxes after Court approval.

**4.4 Domestic Support Obligation ("DSO") Priority Claims.**

| DSO Priority Creditor | Estimated Amount Of Claim | Interest Rate | Assigned or Owed to Governmental Unit? ("government DSO claim") *See* § 507(a)(1)(B) (Yes/No) |
|---|---|---|---|
| N/A | | | |
| | | | |

Debtor will pay all post-petition DSO claims directly. Trustee will pay all allowed DSO priority claims with interest at the above rate.

- If box is checked, § 1322(a)(4) applies and Trustee may pay less than the full amount of a government DSO claim.

**4.5  Priority Claims other than DSO Claims.**

| Non-DSO Priority Creditor | Est. Amount of Claim | Basis for Priority Claim |
|---|---|---|
| N/A | | |
| | | |

Allowed Non-DSO priority claims will be paid per 4.1 and Part 7.

**4.6  Nonpriority Unsecured Claims.**

Allowed nonpriority unsecured claims will be paid, pro rata, from the funds remaining after disbursements have been made on account of all other claims provided for in this plan.

**5.1  Best interest of Creditors Test.**

To satisfy §1325(a)(4)'s "best interest of creditors" test, Debtor will make plan payments sufficient to pay at least $0.00 on allowed unsecured claims. See the worksheet attached as *Exhibit 1*.

**5.2  Projected Disposable Income Test.**

To satisfy §1325(b)(1)'s "projected disposable income test," Debtor will make plan payments sufficient for the Trustee to pay the lesser of (i) 100% plus interest at ____% on all allowed non-priority unsecured claims; or (ii) $_____, plus income tax refunds and other payments required in this plan or in the confirmation order, to holders of allowed administrative expense claims, allowed priority claims, and allowed non-priority unsecured claims. If the proposed minimum dollar amount is less than Debtor's calculated monthly disposable income under § 1325(b)(2) reported on Official Form 122C-2, the reason is:
_____
_____.

- Debtor expects to pay 100% plus interest at __ % on all allowed non-priority unsecured claims (Check box if applicable)

Debtor seeks to assume the Contracts and Leases listed below. Debtor will make all post-petition payments on assumed Contracts and Leases directly. Trustee will pay the allowed pre-petition arrearage payments on

assumed Contracts and Leases at the interest rate set forth below. All other Contracts and Leases are rejected unless assumed by separate motion.

| Creditor | Description of Contract or Lease | Arrearage | Interest Rate |
|---|---|---|---|
| N/A | | | |
| | | | |

Upon confirmation, Trustee will make monthly distributions in the following order on account of any allowed claims, from funds available after making any required equal monthly payments on allowed secured claims:

First, on administrative expenses, including attorney's fees;
Second, on secured claims not being paid in equal monthly payments and on pre-petition arrearages owing under mortgages and/or assumed Contracts and Leases;
Third, on priority unsecured claims, other than government DSO claims being paid less than 100%;
Fourth, on government DSO claims being paid less than 100% (*see* 4.4); and
Fifth, on non-priority unsecured claims.

Trustee will pay claims in full in each category before making any payment on claims in the next category. Distributions will be paid *pro rata* within each category, and will be sent to the creditor's payment address of record. Trustee will make distributions only to the extent of available funds, may exercise reasonable discretion in determining the timing and amount of distributions, and is not required to make distributions to any creditor less than the minimum specified in Rule 3010(b).

Property of the estate will vest in Debtor upon the entry of discharge, or upon dismissal or closing of the case without discharge. If the case is converted to another chapter, property of the estate will vest in accordance with applicable law.

*Any nonstandard provision placed elsewhere in the plan is void.* To the extent a nonstandard provision conflicts with any other plan provision, the nonstandard provision controls.

N/A

**The undersigned attorney or self-represented Debtor certifies that this plan contains no nonstandard provision other than those set out in Part 9.**


Respectfully submitted:
*/s/ Submitted electronically 06/27/2018*
Peter A. Keys
Attorney for Debtor
401 East 21st Street
Silver City, New Mexico 88061
575-388-2521/Fax 575-388-5747

  *See attached.*
EDUARDO SALCIDO                                        Dated: June 27, 2018

**Exhibit 1**
**BEST INTEREST OF CREDITORS TEST CALCULATION**

|   | Asset | Value | Costs of Sale (COS) | Exemption | Secured Debt | Non-Exempt Value of Asset (Value less COS less Exemption less S...) |
|---|-------|-------|---------------------|-----------|--------------|---------------------------------------------------------------------|
| 1 | N/A   |       |                     |           |              |                                                                     |
| 2 |       |       |                     |           |              |                                                                     |
| 3 |       |       |                     |           |              |                                                                     |
| 4 |       |       |                     |           |              |                                                                     |
| 5 |       |       |                     |           |              |                                                                     |
| 6 |       |       |                     |           |              |                                                                     |
| 7 |       |       |                     |           |              |                                                                     |
| 8 |       |       |                     |           |              |                                                                     |
| 9 |       |       |                     |           |              |                                                                     |
| 10 |      |       |                     |           |              |                                                                     |

|  | |
|---|---|
| Total Value of Non-Exempt Assets: | |
| Less (25% of first $5,000): | |
| Less (10% of next $45,000): | |
| Less (5% of next $950,000): | |
| Less (3% of amount over $1MM): | |
| Less Chapter 7 Administrative Expenses (Excluding COS and § 326(a) Trustee's Commission): | |
| **Amount to be paid to satisfy BICT:** | |